MABEE OIL & GAS CO. v. THOMAS.

No. 31260.   April 17, 1945.

Rehearing Denied May 22, 1945.

*158 P. 2d 713.*

Thos. H. Wren, of Okemah, and Harry H. Rogers and Logan Stephenson, both of Tulsa, for plaintiff in error.

Stephenson & Stephenson, of Okemah, and John Morrison, of Oklahoma City, for defendant in error.

PER CURIAM. This is an action brought by John Thomas against Mabee Oil & Gas Company, a corporation, in the district court of Okfuskee county to recover for overtime work, liquidated damages and attorneys' fees under the Fair Labor Standards Act of 1938, 52 Stat. 1060-1069, 29 U.S.C.A. §§ 201-219. The trial was to a jury, resulting in a verdict and judgment in favor of plaintiff.

Defendant has appealed and assigns the following errors: (1) error of the court in giving certain instructions; (2) error in refusing requested instructions; (3) error in overruling its motion for directed verdict.

We shall first consider the assignment that the court erred in overruling the motion for directed verdict. This necessitates a brief discussion of the evidence.

It is conceded by the parties that plaintiff's employment is covered by the act in question. Plaintiff in his own behalf testified in substance as follows: On the 10th day of January, 1040, he was employed as an oil well pumper on the Lay and Kepp leases in Fayette county, Illinois. He worked on such leases from the 10th day of January, 1940, until the 28th day of April, 1940, at which time he was discharged. During said time he worked 402 hours overtime. He was employed by Mr. Underwood, whose duty it was to employ oil well pumpers. His contract of employment was oral and when he was employed Mr. Underwood stated: "I am going to send you to the Lay and Kepp leases and it's going to be kind of tough; you will be responsible for that for twelve hours a day, from six in the morning to six in the evening. It won't be long till these leases are down to one pumper. Try to do part of your work in the morning and part in the afternoon. The law does not permit and the company cannot pay over 42 hours a week. I can't send you in over 42 hours a week. You cannot be absent from the lease more than four hours at any one time." Plaintiff further testified that he could not do the work by working only six hours a day or 42 hours a week. He also testified that he never claimed any overtime until after he was discharged, nor did he ever advise defendant that he could not do the work by working only six hours a day or 42 hours a week; that the actual work necessary to be performed on the leases did not require him to work over six hours a day, but that it was necessary to remain upon the leases in excess of that time in order to keep the wells pumping. He also testified that he was employed at a salary of $148 a month; was paid biweekly, and that he received his pay checks without making any complaint or suggesting that he was entitled to overtime. This, in substance, constitutes the evidence offered by the plaintiff in order to establish his claim for overtime work.

Defendant contends that this evidence wholly fails to show that it suffered and permitted plaintiff to work overtime, and that the evidence was insufficient upon which to submit the case to the jury.

Section 7 (a) of the Act, 52 Stat. 1060, 29 U.S.C.A. 207 (a), provides:

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce —

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date, . . . "

Subdivision (e) of section 3, 29 U.S. C.A. 203 (e), defines "employee" as follows:

" 'Employee' includes any individual employed by an employer."

Subdivision (g) defines "employ" as follows:

" 'Employ' includes to suffer or permit to work."

We agree with defendant that this evidence was wholly insufficient upon which to submit the question to the jury as to whether defendant had suffered or permitted plaintiff to work overtime. The evidence offered on behalf of the plaintiff, in our opinion, clearly shows that that defendant never contemplated that plaintiff should or had any knowledge that he did work to exceed six hours a day, or 42 hours a week. Nor was it ever advised until after plaintiff had been discharged that he claimed to have worked overtime. Nor did he suggest to defendant that the work required of him could not be performed within the six hour a day limit provided by the act. The phrase used in the act "suffered and permitted to work" means that the work must be done with the knowledge of the employer. On this question the Supreme Court of Kansas, in the case of Jackson v. Derby Oil Co., 157 Kan. 53, 139 P. 2d 136, said:

"The statute, 29 U.S.C.A. sec. 203, containing definitions, includes: '(e) "Employee" includes any individual employed by an employer. . . . (g) "Employ" includes to suffer or permit to work.'

"Appellant argues that defendant suffered or permitted plaintiff to work overtime. We think the words 'suffer' and 'permit' as used in the statute means 'with knowledge of the employer.' . . .

"We think there is no evidence in this record to sustain the view that defendant knew plaintiff was working overtime and thereby suffered or permitted him to do so. Having employed him to work, they knew he was working. They knew also the wells could be pumped without overtime work. Plaintiff himself had prepared a schedule for the pumping of the wells which clearly disclosed that fact, and his testimony at the trial and that of the only other witness he called on that point was to that effect. Defendant very emphatically told him when he was employed not to work overtime. He knew that and understood it. We think defendant acted within its rights in establishing a rule or policy of prohibiting overtime work. See Fleming v. Stillman, D.C., 48 F. Supp. 609."

See, also, Skelly Oil Co. v. Jackson, 194 Okla. 183, 148 P. 2d 182.

The evidence in this case was stronger in favor of plaintiff than is the evidence in the case at bar. The trial court there sustained a demurrer to plaintiff's evidence, which ruling was affirmed on appeal. The above case was cited and followed by the Circuit Court of Appeals in the case of Fox et al. v. Summit King Mines, Ltd., 143 F. 2d 926.

We conclude there is no evidence reasonably tending to show that defendant suffered and permitted plaintiff to work overtime. Defendant's motion for directed verdict should have been sustained.

It is not necessary to consider the other errors assigned.

Judgment is reversed and the cause remanded, with directions to enter judgment in favor of the defendant.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and ARNOLD, JJ., concur.